

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:19-MJ-400 |
| | ) |
| ALEXANDER MORRIS, | ) **Filed Under Seal** |
| a/k/a "Alexander Luna" | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Timothy B. Griel, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Senior Inspector for the United States Marshals Service ("USMS") in the

Eastern District of Virginia.  I have been employed in that capacity for more than twenty-six

years.  As such, I am an investigator or law enforcement officer of the United States within the

meaning of 28 U.S.C. § 566, that is, an officer of the United States who is authorized by law to

conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2250.  I

have received specialized training further qualifying me to investigate violations of federal laws,

namely 18 U.S.C. § 2250, Failure to Register as a Sex Offender.  I have conducted several

investigations as a result of my duties as a criminal investigator that involve sex offenders who

have absconded from the sex offender registry, including investigations involving violations of

the Sex Offender Registration and Notification Act ("SORNA").

2.      I make this affidavit in support of an application for an arrest warrant and criminal

complaint charging ALEXANDER MORRIS ("MORRIS") with failing to register as a sex

offender, in violation of 18 U.S.C. § 2250.  Under § 2250(a), whoever is required to register as a sex offender under SORNA, travels in interstate or foreign commerce, and knowingly fails to register or update a registration as required by SORNA, shall be guilty of a federal offense.  For the reasons set forth below, I submit that probable cause exists to believe that at least in or about September 2018, within the Eastern District of Virginia, MORRIS committed the offense of knowingly failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

**RELEVANT STATUTES**

4.      Section 2250 of Title 18 of the United States Code provides, in relevant part, that whoever is required to register under SORNA, travels in interstate commerce, and knowingly fails to register or update a registration as required by SORNA, shall be guilty of a federal offense.  Under SORNA, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  34 U.S.C. § 20913(a).  Further, "[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry."  *Id.* at § 20913(c).

## PROBABLE CAUSE

5.      An investigation conducted by the USMS has established probable cause to believe that MORRIS, a sex offender previously registered in the state of Maryland, travelled in interstate commerce from Maryland to the Commonwealth of Virginia and has been living in the Commonwealth of Virginia without updating his registration with the Maryland Sex Offender Registry or the Virginia Sex Offender Registry to reflect this fact.

6.      Specifically, in or about June 2002, MORRIS was sentenced following a conviction in the Circuit Court of Baltimore County, Maryland (Case No. 03-K-01-002879) for felony sexual offense in the third degree involving a minor who was about fifteen years old at the time of the crime.[1]  The court sentenced him to five years of imprisonment with all but eighteen months suspended, and three years of probation.  As a result of this conviction, MORRIS was required to register as a sex offender.  A written Order for Probation advised MORRIS that he was required to register under MD Code § 11-704, which sets forth the guidelines for individuals required to register with the state of Maryland as sex offenders.  MORRIS was released from incarceration in or about February 2003.

7.      In or about December 2004, MORRIS was convicted in the Circuit Court of Howard County, Maryland (Case No. 13-K-04-044071) of a felony sexual offense in the third degree, in violation of MD Code § 3-307, involving a different minor who was about fourteen years old at the onset of the charged criminal conduct.  A written Probation/Supervision Order advised MORRIS that he was required to register as a sex offender under MD Code § 11-704 as a result of this conviction.  The court sentenced him to eighteen months of incarceration set to

---

[1] At the time of his conviction, felony sexual offenses in the third degree were criminalized under MD Code Art. 27, § 464B.  This offense was later re-codified as MD Code § 3-307.

run concurrently with any other outstanding or unserved sentence and with credit for time served.

      8.    MORRIS was then convicted of knowingly failing to maintain his registration requirements as a sex offender, in violation of MD Code § 11-721, on the following occasions:

      a.    In or about December 2005, in the Circuit Court of Baltimore City, Maryland (Case No. 205312044). For this offense, he received a sentence of time served;

      b.    In or about April 2006, in the Circuit Court of Baltimore City, Maryland (Case No. 206011023). For this offense, he received a sentence of time served;

      c.    In or about January 2007, in the Circuit Court of Baltimore City, Maryland (Case No. 206241022). For this offense, he received a sentence of two years of incarceration; and

      d.    In or about October 2009, in the Circuit Court of Baltimore City, Maryland (Case No. 109097021). For this offense, he received a sentence of five years of incarceration with all but two years suspended and two years of probation.

      9.    In or about April 2010, while incarcerated, MORRIS received and signed a Notice of Sexual Offender Registration Requirements form from the Department of Public Safety and Correctional Services of the state of Maryland. The form advised MORRIS that he must register as a sexually violent offender in person every six months for life in the county where he resides. The form also advised MORRIS that:

      a.      Under federal law, if he begins employment or registers as a student in another state while living in Maryland, he must register with the designated law enforcement agency in the new state;

      b.      He must report any changes in his residence to the Sex Offender Registry Unit for the state of Maryland within five days after the change occurs;

      c.      Under federal law, if he changes residence to another state, he must register with the designated law enforcement agency of the new state and comply with the new state's registration requirements.

10.    Also in or about April 2010, MORRIS signed a Maryland Online Sex Offender Registration form, listing as his primary address a location in Baltimore, Maryland.

11.    In or about March 2011, MORRIS re-registered as a sex offender and signed a Notice of Sexual Offender Registration Requirements form from the Department of Public Safety and Correctional Services of the state of Maryland.  On the form, MORRIS listed as his primary address a different location in Baltimore, Maryland.  The form also advised MORRIS that:

      a.      He must register every address and physical location where he habitually lives;

      b.      He must register every week in person in each county where he habitually lives if he becomes homeless;

      c.      He must report all changes in his residence, employment, telephone numbers, internet identifiers, or vehicle information within three days of the change;

5

        d.     If he moves to another federal jurisdiction, he must at least twenty-one days beforehand provide the new address to the Maryland State Sex Offender Registry, register in the new jurisdiction, and comply with the registration requirements of the new jurisdiction;

12.    In or about June 2011, law enforcement learned that MORRIS had vacated the address described in Paragraph 11 and that his whereabouts were unknown. Accordingly, on or about June 28, 2011, the District Court of Maryland for Baltimore City issued a warrant for MORRIS's arrest for two counts of knowingly failing to maintain his registration requirements as a sex offender, in violation of MD Code § 11-721 (Case No. 6B02119046).

13.    On or about November 26, 2018, I received information from the USMS for the District of Maryland that MORRIS was living in the Woodbridge, Virginia area, within the Eastern District of Virginia, using the alias of Alexander Luna ("Luna").

14.    On or about November 27, 2018, I searched the Virginia Sex Offender Registry public website for MORRIS and his Luna alias. Searches for both names yielded no responses.

15.    I also searched law enforcement databases for information regarding Luna. This search showed several arrests of an individual named Alexander Luna, born in 1977, in Prince William County, Virginia within the years of about 2011 to 2013. Fingerprint analysis by the Federal Bureau of Investigation ("FBI") of fingerprints obtained during arrests of MORRIS and Luna show that MORRIS and Luna are the same individual with the same the FBI number.

16.    On or about January 29, 2019, I spoke with management and staff of the Prince William County Department of Social Services, Homeless Services Division. I showed personnel in this division a photograph of MORRIS and they identified the individual pictured as Luna. The personnel reported that they recognized Luna as an individual who worked at and

6

attended weekly dinners at the Street Light Ministries, which is located within the Pathway Vineyard Church in Woodbridge, Virginia, from approximately April 2012 to January 2019.

17. On or about February 07, 2019, I spoke with the director of the Light Street Ministries ("W-1"). I showed W-1 a photograph of MORRIS and W-1 reported that W-1 initially knew the individual as Luna but later came to know him as MORRIS. W-1 reported that MORRIS was associated with the Light Street Ministries for about the last five years, performing work from about 2015 to September 2018 and attending dinners there. W-1 told me that MORRIS was renting a room in Dale City, Virginia in September 2018. W-1 reported that W-1 last recalled seeing MORRIS at the Light Street Ministries in approximately September 2018.

18. On or about March 12, 2019, I spoke with the individual from whom MORRIS rented a room in Woodbridge, Virginia ("W-2"). I showed W-2 a photograph of MORRIS and W-2 reported that W-2 initially knew this individual as Luna but later learned that his name is MORRIS. W-2 reported that W-2 knew MORRIS from the Light Street Ministries, where he performed odd jobs. W-2 said that W-2 has known MORRIS for a few years and that he rented a room in W-2's residence in Woodbridge, Virginia from spring 2017 to spring 2018. In about August 2018, W-2 rented MORRIS a room again until about November 2018. W-2 provided me with a telephone number (the "SUBJECT PHONE") that W-2 said belonged to MORRIS.

19. I learned that the SUBJECT PHONE is serviced by Sprint. On or about March 19, 2019, I received records and information associated with the SUBJECT PHONE from Sprint pursuant to legal process. The records show that, effective August 29, 2017, the billing address for the SUBJECT PHONE was as follows: Alex Luna, 1550 Prince William Pkwy, Woodbridge, VA 22191. This billing address is the location of the Pathway Vineyard Church. The account for the SUBJECT PHONE was prepaid.

20.     I later obtained information from Sprint pursuant to legal process regarding the cell tower through which communications with the SUBJECT PHONE were sent and received. The information revealed that from at least or about August 29, 2018, to about September 30, 2018, communications with the SUBJECT PHONE were sent and received from in or around the Woodbridge, Virginia area.   The final phone call associated with the account occurred on October 1, 2018, and the call was received in Statesville, North Carolina.   The account associated with the SUBJECT PHONE was later terminated for non-payment.

21.     Additionally, in about June 2019, I discovered a Facebook account that has as its username the Luna alias.  The user of this account posted a picture depicting MORRIS and has been active on the account as recently as June 2019.  On or about June 21, 2019, I received records and information associated with this account from Facebook pursuant to legal process. The records show that an individual using the Luna alias registered the account on October 24, 2010, and that, between at least April 2019 and June 2019, the user of the account frequently accessed the account from several IP addresses.  Additional investigation revealed that, at the time the user accessed the account, those IP addresses were assigned to locations in and around the Woodbridge, Virginia area.

22.     In or about May 2019, I learned that MORRIS had been seen frequenting a gas station in Woodbridge, Virginia, in a red Chevy Impala, and was believed to be camping near a carwash located in a shopping center in Woodbridge, Virginia.  In or about June 2019, I traveled to the carwash and, while there, observed MORRIS driving a red Chevy Impala with a female passenger.  Later that same day, I observed MORRIS at the gas station in Woodbridge, Virginia, described above.  I again observed MORRIS near the carwash in or about September 2019.

23.     On or about September 10, 2019, I consulted the Virginia Sex Offender Registry and confirmed that MORRIS is not registered as a sex offender in the state of Virginia.  I also confirmed on or about that same date that MORRIS is not properly registered in any jurisdiction as a sex offender.

## CONCLUSION

24.     Based on the foregoing, I respectfully submit that probable cause exists to believe that at least in or about September 2018, within the Eastern District of Virginia, the defendant, ALEXANDER MORRIS, a person required to register under SORNA, traveled in interstate commerce and knowingly failed to register as a sex offender as required by SORNA, in violation of 18 U.S.C. § 2250(a).  I therefore respectfully request that a criminal complaint and arrest warrant be issued.

Respectfully submitted,

Timothy B. Griel
Senior Inspector, U.S. Marshals Service

Sworn and subscribed before me
this 13th day of September 2019

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Hon. Michael S. Nachmanoff
United States Magistrate Judge